a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STEVEN S. ROBINSON, Petitioner | CIVIL ACTION NO. 1:18-CV-1581-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Steven S. Robinson ("Robinson") (#15051-171). Robinson is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Robinson challenges the calculation of his sentence by the BOP.

Because Robinson has received all the credit to which he is entitled, his § 2241 petition should be DENIED and DISMISSED WITH PREJUDICE.

I.   Background

Following a guilty plea, Robinson was convicted in the United States District Court for the Western District of South Carolina of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, 500 grams or more of cocaine, and a quantity of heroin. (4:06-cr-01322, D. S.C., Doc. 171). Robinson was sentenced to a 240-month term of imprisonment. (4:06-cr-01322, D. S.C., Doc. 171).

The Government subsequently filed two Motions to Reduce Sentence under Rule 35(b) of the Federal Rules of Criminal Procedure because Robinson provided it

with substantial assistance. (4:06-cr-01322, D. S.C., Docs. 240, 334). Robinson's sentence was reduced to 150 months of imprisonment. (4:06-cr-01322, D. S.C., Doc. 250, 343).

Robinson then filed a Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2). (4:06-cr-01322, D. S.C., Doc. 354). The motion was granted, reducing Robinson's sentence to a term of 78 months of imprisonment or time served. (4:06-cr-01322, D. S.C., Doc. 171).

While on supervised release, Robinson was arrested for a technical violation. (Doc. 1-3, p. 2). Robinson's supervised release was revoked, and he was sentenced to a 60-day term of imprisonment. (Doc. 1-3, p. 2; 4:06-cr-01322, D. S.C., Doc. 400).

The following year, Robinson was arrested by South Carolina officials on numerous drug charges. (Doc. 1-3, p. 3). Because of the state arrest, Robinson's supervised release was revoked again, and he was sentenced to 52 months of imprisonment. (Doc. 1-3, p. 3; 4:06-cr-01322, D. S.C., Doc. 448).

By the time Robinson' original sentence was reduced to 78 months, Robinson had served approximately 84 months of imprisonment. Therefore, Robinson argues he should receive credit for the "over-served time" toward the sentence imposed on revocation. (Doc. 1, p. 6).

II.  **Law and Analysis**

    A.    **Robinson is not entitled to additional credit on his sentence.**

The authority to grant or deny credit for time served is specifically reserved to the U.S. Attorney General, who has delegated that responsibility to the BOP. See

U.S. v. Wilson, 503 U.S. 329 (1992). A district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a § 2241 petition. See Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010).

Title 18 U.S.C. § 3585(b) prohibits the application of any time toward a federal sentence that has been credited against another sentence. In the order reducing Robinson's sentence to 78 months, the district judge specifically stated: "If this sentence is less than the amount of time Defendant has already served, this sentence is reduced to a time-served sentence of imprisonment." (4:06-cr-01322, D. S.C., Doc. 448). Because Robinson had already served 84 months, the sentence amounted to a time-served sentence, as indicated by the judge. (4:06-cr-01322, D. S.C., Doc. 448).

The BOP granted Robinson credit from July 26, 2017 (date of state arrest) through August 31, 2017 (date released from state custody on bond) and from October 6, 2017 (date of federal arrest) through November 6, 2017 (day before federal sentence imposed). Because Robinson had served more than 78 months, the court reduced his sentence to time served. Thus, Robinson received credit for the 84 months actually served, and the BOP cannot award him credit for any of that time toward his 52-month sentence.

To the extent Robinson challenges the validity of the court order that reduced his sentence to 78 months or time served, this Court lacks jurisdiction over the claim.

### III. Conclusion

Because Robinson has received all the credit from the BOP to which he is entitled, IT IS RECOMMENDED that Robinson's § 2241 petition be DENIED and

DISMISSED WITH PREJUDICE. To the extent Robinson challenges the validity of his 52-month sentence or the provision ordering "time-served," Robinson's claim should be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 31st day of January, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge